**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW METZ,                          )
                                      )
              Plaintiff,              )        2:11-cv-01249-KJD-VCF
                                      )
vs.                                   )
                                      )        **ORDER**
TINDE, *et al.*,                      )
                                      )
              Defendants.             )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Based on the information concerning plaintiff's financial status, plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. The court now reviews plaintiff's complaint. (ECF No. 1-1.)

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such

1   relief. 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri*

2   *v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983,

3   a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

4   United States was violated, and (2) that the alleged violation was committed by a person acting under

5   the color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

6        In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation

7   Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is

8   untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be

9   granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

10  1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is

11  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

12  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

13       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

14  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

15  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

16  would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

17  this determination, the court takes as true all allegations of material fact stated in the complaint, and the

18  court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

19  955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

20  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

21  U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed

22  factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp.*

23  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

24  is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

25       Additionally, a reviewing court should "begin by identifying . . . [allegations] that, because they

26  are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.      Screening of the Complaint

In his complaint, plaintiff alleges constitutional violations arising from his conditions of confinement while incarcerated in the Clark County Detention Center ("CCDC").  Defendants are employees of the CCDC.  Plaintiff seeks monetary relief against defendants in their individual and official capacities.

Plaintiff alleges that a generator on the roof of the north tower of CCDC emits carbon monoxide into the air ducts twice per week.  Plaintiff claims that because of the generator's operation, he is being subjected to harmful fumes that have caused him to suffer a variety of physical maladies.  According to plaintiff, correctional officers at CCDC are aware of his exposure to carbon monoxide but have not taken action to remedy the situation.  Plaintiff alleges that medical staff have told him that the exhaust blowing into the vents is harmless and have failed to treat his pain and suffering.  Additionally, plaintiff claims that defendants have failed to respond to any of his grievances.

### A. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S.

337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.; Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  *Id.* at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. at 835.  Here, in count I, Plaintiff has stated a colorable claim under the Eighth Amendment based on his allegations that he was subjected carbon monoxide fumes that caused him to have chest pains, headaches, dizziness, shortness of breath, skin irritation, and vomiting.

### B. Inadequate Medical Care

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Id.* at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.

1   *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the

2   official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

3        In applying this standard, the Ninth Circuit Court of Appeals has held that before it can be said

4   that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

5   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

6   action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S.

7   at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

8   condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical

9   malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*

10  *v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995);

11  *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc.*

12  *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to

13  establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332,

14  1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a

15  claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

16       Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See*

17  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir.

18  2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th

19  Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050,

20  1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir.

21  1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner

22  is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must

23  show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060;

24  *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Here,

25  in count II, plaintiff has stated a colorable claim under the Eighth Amendment based on inadequate

26  medical care for his ailments resulting from the generator fumes.

5

C.  Grievances

    Prisoners have no constitutional right to an inmate grievance system.  *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  *Ramirez*, 334 F.3d at 860; *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir.1991).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  *Azeez v. DeRobertis*, 568 F.Supp. at 10; *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation.  *Buckley*, 997 F.2d at 495.  Here, in count III, plaintiff alleges that none of his grievances have been answered.  This allegation fails to state cognizable due process claim under the Fourteenth Amendment.  Count III will be dismissed with prejudice.

**III.    Conclusion**

    **IT IS THEREFORE ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**  The clerk shall **FILE** the complaint (ECF No. 1-1).

    **IT IS FURTHER ORDERED**  that the Eighth Amendment conditions of confinement claim in count I and the Eighth Amendment medical care claim in count II **MAY PROCEED.**

    **IT IS FURTHER ORDERED** that count III is **DISMISSED with prejudice.**

    **IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons for defendants Tinde, Ware, Verduzco, Dr. Cornelius, and Scofield and deliver same, along with five copies of the complaint, to the U.S. Marshal for service.  The Clerk shall send to plaintiff five USM-285 forms, one copy of the complaint and a copy of this order.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must

1   file a notice with the court identifying which defendants were served and which were not served, if any.

2   If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be

3   filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or

4   address for said defendant(s), or whether some other manner of service should be attempted.

5          **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an

6   appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other

7   document submitted for consideration by the court.  Plaintiff shall include with the original paper

8   submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

9   to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

10  shall direct service to the individual attorney named in the notice of appearance, at the address stated

11  therein.  The court may disregard any paper received by a district judge or a magistrate judge that has

12  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

13         DATED:  November 1, 2011

14

15

16         _____
              UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

7